THE EDWIN BELL COMPANY, and/or CHARLES H. ROGERS, Employers, *vs.* DANIEL E. ROGERS, Claimant.

(*July* 18, 1927.)

HARRINGTON and RICHARDS, J. J., sitting.

*Daniel J. Layton* for American Mutual Liability Insur. Co., the Appellant.

*John M. Richardson* for Appellee.

Superior Court for Sussex County, February Term, 1927. No. 1, October Term, 1926.

RICHARDS, J., delivering the opinion of the Court:

 The Industrial Accident Board derives its authority to hear and determine claims for compensation between employers and employees, from "the Delaware Workmen's Compensation Law of 1917."

 Appeals from the decisions of said Board are provided

for by said law as amended by *chapter* 203, § 5 (amending 3193r, §111) *of volume* 30 *of the Laws of Delaware*, which provides as follows:

"An award of said Board in the absence of fraud shall be final and conclusive between the parties, except as provided in 3193p, *section* 109, unless, within ten days after a copy thereof has been sent to the parties, either party appeals to the Superior Court for the County in which the injury occurred."

It clearly appears from this provision of the law that no one except parties to the hearing before the Board can appeal to this Court.

 The claim in question was filed by Daniel E. Rogers against the Edwin Bell Company and/or Charles H. Rogers, the American Mutual Liability Insurance Company of Boston not being a party to the proceeding. Said insurance company was represented at the hearing by counsel, and was interested in the result of the proceeding, but that did not operate to make it a party to the proceeding as originally brought before the Board.

The Court is, therefore, of the opinion that the insurance company had not the right to take the appeal from the decision of the Board, and the same is hereby dismissed.